ANN WALSH BRADLEY, J.
¶ 82. {concurring). I agree with the majority's conclusion that the four-corners rule includes consideration of exclusions as well as exceptions to those exclusions in an insurance policy. Majority op., ¶ 40.
¶ 83. Additionally, I agree with its determination that "the complaints and counterclaim against Marks do not allege facts which, if proven, would constitute claims covered under the insurance policy Marks obtained from Houston Casualty." Majority op., ¶ 3.
¶ 84. I write separately, however, because I disagree with the majority's determination that "only two documents are germane in any four-corners analysis: the insurance policy and the complaint against the insured. No examination of extrinsic facts or evidence takes place." Majority op., ¶ 39 (citing Fireman's Fund Ins. Co. of Wis. v. Bradley Corp., 2003 WI 33, ¶ 19, 261 Wis. 2d 4, 660 N.W.2d 666); see also majority op., ¶ 53 n. 25 ("[t]he duty to defend is based solely on the allegations contained within the four corners of the complaint, without resort to extrinsic *599 facts or evidence ... ") (citing Fireman's Fund, 261 Wis. 2d 4, ¶ 19) (emphasis in original) (internal quotations omitted).[1]
¶ 85. The issue of whether the four-corners rule allows for an exception to consider the known facts extrinsic to the complaint is not before the court in this case. Instead, it is presented in Water Well Sols. Serv. Grp. Inc. v. Consol. Ins. Co., 369 Wis. 2d 607, 881 N.W.2d 285, which is being released concurrently with this decision today.
¶ 86. My dissenting opinion in Water Well sets forth the analysis in support of my conclusion that when the complaint is factually incomplete or ambiguous, Wisconsin should adopt a narrow known fact exception to the four-corners rule. Consequently, I will not repeat the entirety of my dissent, but instead incorporate that conclusion and its analysis here.
¶ 87. Accordingly, I respectfully concur.
¶ 88. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence.

 The majority opinion is internally inconsistent because on one hand it says the duty to defend decision is based solely on the four-corners of the complaint while on the other hand it encourages insurers to investigate in order to inform its decision, acknowledging that "the applicability of an exclusion is rarely obvious from the allegations in the complaint." Majority op., ¶ 41 (citing Peter F. Mullaney, Liability Insurers' Duty to Defend, Wis. Law., at 10-11 (July 1995). See also Water Well Sols. Serv. Grp. Inc. v. Consol. Ins. Co., 2016 WI 54, ¶ 58-59, 369 Wis. 2d 607, 881 N.W.2d 285 (Ann Walsh Bradley, J., dissenting).